22 So.2d 99

## JACKSON v. STATE.

### 4 Div. 860.

Court of Appeals of Alabama.

Jan. 16, 1945.

Rehearing Denied Feb. 13, 1945.

J. N. Mullins, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction upon an indictment which charged this appellant, defendant below, (1) that he did "manufacture, sell give away, or have in possession, a still or apparatus or appliance or some device or substitute therefor to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, contrary to law"; and (2) he "did distill, make or manufacture alcoholic or spirituous liquors, contrary to law,

34

against the peace and dignity of the State of Alabama."

It is insisted in behalf of appellant that the court committed reversible error in refusing to him the general affirmative charge requested in writing; and, also in overruling and denying defendant's motion for a new trial.

The corpus delicti as to both counts of the indictment was fully proven without dispute or conflict. The question as to the participation by the defendant in the commission of said offense is the only point of decision involved on this appeal.

As stated by respective counsel there was but slight, if any, dispute in the testimony. The contention of the State is, the evidence was amply sufficient to submit the case to the jury. The appellant contends otherwise.

From the foregoing it clearly appears 'this case rests upon questions of fact for the determination of the jury. As to this, we have read and considered this entire record en banc and our unanimous conclusion is that the insistence of the appellant to the effect that the evidence was insufficient to go to the jury is untenable. There are too many incriminating facts and circumstances against the accused to order that the lower court was in error in the action complained of. No good purpose could be served by a detailed recitation of the evidence, hence we refrain from so doing.

The judgment of conviction from which this appeal is taken will stand affirmed.

Affirmed.